IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


STACY ANTONIO SCOTT, JR.,

      Plaintiff,

v.                                  CASE NO. 1:17-cv-174-MW-GRJ

CORIZON HEALTH, et al.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Apalachee CI, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper by separate order. Plaintiff's second amended complaint ("complaint"), ECF No. 12, is before the Court for screening pursuant to 28 U.S.C. § 1915A. The Complaint stems from an injury that Plaintiff sustained in the shower at Cross City CI in March 2015 and his subsequent medical care. ECF No. 12.

Plaintiff executed the complaint under penalty of perjury. ECF No. 12 at 7. The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits,

including whether they have initiated other actions in state or federal court

dealing with the same or similar facts involved in the instant case, whether

they have initiated other cases dealing with the fact or manner of their

incarceration (including habeas corpus petitions), and whether they have

"ever had any actions in federal court dismissed as frivolous, malicious, for

failure to state a claim, or prior to service," and if so to "identify each and

every case so dismissed."  ECF No. 12 at 3-4 (emphasis added).  The form

expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES

MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE

UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST

BE DISCLOSED AS WELL."  ECF No. 12 at 3.  In response to these

questions, Plaintiff affirmatively represented that he had filed *no* prior state

or federal cases.

A review of the Court's PACER Case Locator reflects that, contrary

to his sworn representations in the complaint, Plaintiff filed at least one

prior federal civil case that he failed to disclose: *Stacy Antonio Scott, Jr. v.*

*Jeffrey L. Ashton, et al.*, Case No. 6:13-cv-1819 -GKS-DAB (M.D. Fla.

1/7/14) (dismissing case for failure to prosecute).

In the absence of any basis for excusing a plaintiff's lack of candor,

failure to disclose and truthfully describe previous lawsuits warrants

dismissal of the complaint for abuse of the judicial process.  *See Redmon*

*v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th

Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the

dismissal of a prisoner's civil rights complaint that did not disclose a

previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but

the Court held that the district court had the discretion to conclude that the

plaintiff's explanation did not excuse his misrepresentation because the

complaint form "clearly asked Plaintiff to disclose previously filed

lawsuits[.]"   *Id*.  The Court determined that dismissal was an appropriate

sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged
> in bad faith litigiousness or manipulative tactics warrants
> dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th
> Cir.1997). In addition, a district court may impose sanctions if a
> party knowingly files a pleading that contains false contentions.
> Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a
> less stringent standard than pleadings drafted by attorneys, a
> plaintiff's *pro se* status will not excuse mistakes regarding
> procedural rules. *McNeil v. United States,* 508 U.S. 106, 113,
> 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case

should not be dismissed prior to recommending dismissal.  The case was dismissed in early 2014, and Plaintiff cannot plausibly claim that it was so remote in time that he forgot about the prior case.  Further, upon review if the instant complaint the Court finds that Plaintiff will not be prejudiced by the imposition of dismissal as a sanction.

The undersigned therefore concludes that dismissal of this case without prejudice as malicious for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.  The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. § 1915A(b).

**IN CHAMBERS** this 21st day of September 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**